# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIDGET D. BIGGARS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-CV-1260-JTM |
| TERRY D. ROMANS, D.D.S., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court are Defendant's Motion to Compel and supporting Memorandum (Docs. 22, 23), which request an order compelling Plaintiff to fully answer Defendant's Interrogatory No. 12 regarding Plaintiff's categories of damages. Defendant further seeks an order for Plaintiff to be compelled to fully answer his Interrogatories No. 5, 6, 8, 9, 10, 16, and 21, including the address and telephone number of each person identified. Plaintiff did not file a response to Defendant's motion and the time to do so expired on March 28, 2006. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

After careful review of Defendant's briefing and attachments, the Court is prepared to rule on the Motion.

## BACKGROUND

Plaintiff filed her Complaint on August 17, 2005, claiming that her employment was wrongfully and retaliatorily terminated by Defendant because she "asserted her rights under the Worker's Compensation law, and complained of unlawful working conditions" after allegedly suffering from mercury poisoning (Doc. 1 at ¶ 19.)  Plaintiff alleges that, as a result of Defendant's actions, she has suffered injury and damage, including "loss of time and income in the past, which is reasonably likely to continue in the future; medical expenses in the past, which are reasonably likely to continue in the future; and non-economic damages in the past, which are reasonably likely to continue in the future; and other damages." (Doc. 1 at ¶ 21.)

On November 9, 2005, Plaintiff served her Initial Disclosures on Defendant pursuant to Fed.R.Civ.P. 26(a)(1).  Plaintiff's disclosure of individuals likely to have discoverable information pursuant to Rule 26(a)(1)(A) listed 25 specific individuals and two categories of individuals.  The listing did not include an address or telephone number for any of these individuals, (Doc. 23, Exh. 1), although the rule requires disclosure of this information, if known.  The disclosure regarding Plaintiff's claimed damages stated only "Economic Loss: $750,000.00" and "Non-Economic Loss: $750,000.00."  (Doc. 23, Exh. 1.)  The disclosure did

not contain a computation of damages as required by Rule 26(a)(1)(C).

Defendant served his first discovery requests to Plaintiff on December 20, 2005. (Doc. 23, Exh. 2.) Plaintiff served her responses on February 14, 2006. (Doc. 23, Exh. 3.) Defendant's Interrogatory No. 12 requested that Plaintiff state the total amount of damages she claimed, including an itemization of each element thereof. (Doc. 23, Exh. 2.) In response, Plaintiff listed $343,640.00 for past and future economic loss, calculated at $15,620.00 per year for 22 years (while providing no basis for the $15,620.00 figure). She also listed past non-economic losses of $578,180.00 and future non-economic losses of $578,180.00, absent any supporting information or calculation thereof. (Doc. 23, Exh. 3.)

Various other interrogatories requested that Plaintiff "identify" certain categories of individuals. (Doc. 23, Exh. 2, Interrogatories 5, 6, 8, 9, 10, 16, and 21.) Defendant's definition of "identify" indicated that Plaintiff should state the last known address and telephone number for such individuals. (*Id*.) In response to these interrogatories, Plaintiff either directed Defendant to her medical records without listing responsive individuals or listed various individuals by name with no reference to their last known addresses or telephone numbers. (Doc. 23, Exh. 3.)

Defense counsel appropriately conferred with Plaintiff's counsel by letter in an attempt to resolve this discovery dispute. (Doc. 23, Exh. 4.) Despite assurances

from Plaintiff's counsel's staff that additional information would be forthcoming (Doc. 23, Exh. 5), Defense counsel filed the present motion to comply with D.Kan. R. 37.1(b), which requires that motions to compel be filed within 30 days of the deficient responses. Based on subsequent communication between the Court and counsel for both parties, it is the understanding of the Court that the parties have been unable to resolve these discovery issues. As such, the Court is prepared to rule on Defendant's motion.

## DISCUSSION

"If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**. As stated previously, Plaintiff has not filed a response to Defendant's motion and the time to do so has expired. Even so, the Court will examine Defendant's motion on the merits.

Suffice it to say, Plaintiff's responses to Defendant's Interrogatories 5, 6, 8, 9, 10, 12, 16, and 21 are inadequate. This is particularly true when the discovery responses are reviewed in the context of Plaintiff's initial disclosures.

Fed. R. Civ. P. 26(a)(1)(A) specifically requires disclosure of the address and telephone numbers of each individually likely to have discoverable

information relevant to disputed facts, if known.  See ***Dixon v. Certainteed Corporation***, 164 F.R.D. 685, 689 (D. Kan. 1996).  Therefore, Plaintiff should have provided much of the requested information to Defendant prior to the service of Defendant's interrogatories.  The Court is aware that addresses and telephone numbers of many of these individuals are available to defense counsel from other sources, such as local telephone directories or Plaintiff's medical records.  This does not, however, relieve Plaintiff from the obligation to disclose such information in discovery.

Fed. R. Civ. P. 26(a)(1)(C) requires Plaintiff to provide "a computation of any category of damages claimed" in her initial disclosures.  Although Plaintiff's initial disclosures contained a general statement of her monetary damages, they did not contain any "computation" of such damages.  Subsequently, Defendant's Interrogatory No. 12 directed Plaintiff to "state with specificity the total amount of damages you are claiming, and itemize each element thereof (e.g. loss of past wages, medical expenses, pain, suffering, mental anguish, disability, loss of future wages, etc.)."  (Doc. 23, Exh. 2.)  Plaintiff's response contained a very rough calculation of her alleged past and future economic loss.  (Doc. 23, Exh. 3.)  She did not, however, indicate whether this loss is the result of medical expenses, potential lost wages, potential lost benefits, or some other element of damages.

5

She also listed the categories of past non-economic loss and future non-economic loss, giving each a value of $578,180.00. There is, however, no computation of these claimed damages nor has Plaintiff made any effort to itemize the elements of these damage categories. Thus, Plaintiff's response to Defendant's Interrogatory No. 12 is insufficient.

Because Plaintiff did not respond to Defendant's motion, the Court does not know what, if any, objection Plaintiff may have had to providing the requested information. The Court is not willing to surmise or assume what objections Plaintiff may have had. Regardless, the requested information is both discoverable and relevant.[1]

As such, the Court finds Defendant's motion to be both unopposed and facially valid. Defendant's Motion to Compel should therefore be granted.

---

[1] "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Audiotext Comm. Network, Inc., v. US Telecom, Inc.,* No. 94-2395, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (citing *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan.1991)). A request for discovery should ordinarily be allowed "'unless *it is clear* that the information sought can have *no possible bearing*' on the claim or defense of a party." *Haggard v. Standard Register Co.*, No. 01-2513, 2003 WL 365955, at *3 (D. Kan. Jan. 21, 2003) (quoting *Scott v. Leavenworth Unified Sch. Dist. No 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)) (emphasis in *Scott*).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 22) is **GRANTED**.  Plaintiff is hereby directed to answer Defendant's Interrogatories Nos. 5, 6, 8, 9, 10, 16, and 21 in full, identifying any and all responsive individuals by name, last known address and telephone number. Plaintiff is further directed to provide a thorough response to Defendant's Interrogatory No. 12, including a specific itemization and calculation of each category and element of damages she seeks.  These responses are to be served on Defendant no later than **May 22, 2006.**

Dated at Wichita, Kansas, on this 11th day of May, 2006.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge